UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HILLCREST INVESTMENTS, LTD., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO TITLE COMPANY OF NEVADA, Inc. <br><br> Defendant. | Case No. 2:19-cv-02065-RFB-EJY <br><br> ORDER |

### I.    INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 22) and Plaintiffs' Motion to Amend (ECF No. 31). The Court grants Defendant's motion and denies Plaintiffs' motion.

### II.    PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on December 3, 2019. ECF No. 1. The Complaint alleges one cause of action: Breach of Contract. Id. On June 24, 2020, a discovery schedule was issued: discovery was due by November 9, 2020; dispositive motions due by December 9, 2020; and the proposed joint pre-trial order due by January 8, 2021.  ECF No. 19. On November 11, 2020, Defendant filed the instant Motion for Summary Judgment. ECF No. 22. Plaintiffs responded and Defendant replied. ECF Nos. 28, 30.

Plaintiffs filed a Motion to Amend on August 9, 2021. ECF No. 31. Defendants responded to the Motion on September 10, 2021. ECF No. 34.

### III. FACTUAL BACKGROUND

The Court makes the following factual findings.

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

On August 27, 2014, Plaintiffs entered into a Settlement Agreement after an alternative dispute resolution session with JAMs, Reference No. 1260001253. ECF No. 24-1. The settlement agreement involved various claims, parties, lawsuits, and parcels of land. Id. As part of the settlement agreement, the parties agreed to "open an escrow at Chicago Title or another mutually agreeable title located in Las Vegas" to handle, *inter alia*, the transfer of real property and payments of settlement funds. Id. at 3. On October 10, 2014, the escrow ("October 10 Escrow") was executed by the parties involved in the settlement agreement, and Jennifer Reinink, Escrow Officer at Chicago Title of Nevada, Inc. was the escrow agent. ECF No. 24-2. The following five properties were assigned to the October 10 escrow.

- Amargosa Valley Escrow No. 14017697-JR
- Tehachapi Escrow No. 14017698-JR
- Dunn Mill Fee Escrow No. 14017699-JR
- Dunn Mill Leased Escrow No. 14017700-JR
- Searchlight Escrow No. 14017701-JR

On October 16, 2014, an Amendment to Purchase Agreement and Escrow Instructions ("Amended Escrow") was executed. ECF No. 24-3. The October 14 Escrow and Amended Escrow required Defendant to accept certain documents, record certain documents, and disburse funds at certain times. ECF Nos. 24-2 & 24-3. In connection with the settlement agreement, non-party Chicago Title Insurance Company issued a coverage policy of title insurance with the policy number FWKN-TO14000231 ("Title Policy"). ECF No. 24-4.

The Court also finds that the Plaintiff has not engaged in any discovery in this case beyond

making initial disclosures – disclosures which were made late.

### B. Disputed Facts

The parties dispute whether Defendant Chicago Title of Nevada performed the requirements detailed in the October 14 Escrow and Amended Escrow.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## V. DISCUSSION

Under Nevada law, to prevail on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (internal citation omitted).

In their complaint, Plaintiffs argue that the parties entered an "agreement related to title insurance, the title policy, and the escrow instructions" and that Defendant breached them, such as

by failing to resolve all title defects and by not filing certain documents with the Nevada State Water Engineer. No. 1 at 4. Defendant Chicago Title Company of Nevada, Inc. argues that it is not the correct party for Plaintiffs' claims and that Defendant complied with the escrow instructions in the October 14 Escrow and Amended Escrow. Defendant argues that the Complaint alleges that their claims are about "escrow FWKN-TO1400231," which was the title policy issued by non-party Chicago Title Insurance Company. ECF No. 1 at 2. As a result, Defendant contends it is entitled to a judgment as a matter of law because the allegedly breached terms were either not required from Defendant or Defendant already resolved them, and Plaintiffs have proved no damages from the non-existent breaches.

In their response, Plaintiffs argue that there remain genuine issues of fact as to the Defendant's obligations. Plaintiffs attach a declaration by Robert Ford, a member of Plaintiff Hillcrest Projects LLC, as evidence. Moreover, Plaintiffs argue that discovery has not been taken and asks the Court to provide additional time for discovery. Plaintiffs assert that an extension will not prejudice Defendant because Defendant had been amenable to extending the discovery cutoff date.

In reply, Defendant first asserts that Robert Ford's declaration continues to confuse Defendant Chicago Title Company of Nevada, Inc., the escrow operation, with non-party Chicago Title Insurance Company, the title insurer. Second, Defendant asserts that Plaintiff unjustifiably failed to prosecute this action, and that while the parties discussed a discovery extension, Defendant's offer to stipulate lapsed after Plaintiffs' counsel stopped communicating with Defendant's counsel.

The Court finds that Plaintiffs cannot demonstrate a genuine dispute as to whether Defendant breached the contracts with Plaintiffs and that there were damages because of the

alleged breach. First, the Court declines to extend the November 9, 2020 discovery cutoff date. The Court finds that the Plaintiffs fail to demonstrate good cause or excusable neglect to extend discovery because they do not explain why they did not conduct discovery and what discovery they seek. See LR 26-3; FRCP 56(d). The parties corresponded about disclosures and discovery extensions, and the Court finds that Plaintiffs had sufficient opportunity to conduct discovery and file a timely motion to extend the discovery deadline if needed. ECF No. 30-1.

Second, the Court finds that Plaintiffs lack evidence necessary to prove their breach of contract claim. The Court agrees with Defendant that Plaintiffs have presented no evidence to rebut Defendant's evidence that Plaintiff brought suit against the wrong entity as to their escrow claims. There are two contracts at issue – an escrow instruction contract and a title policy contract. Defendant is only party to the former. Yet, the Court agrees with and adopts Defendant's arguments that all of the allegations in the Complaint are directed to the later contract. Moreover, the Court finds that Defendant has presented unrebutted evidence that it complied with all of its relevant contractual obligations.

The Court finds that the affidavit of Robert Ford does not alter the Court's finding. Ford's declaration that is attached to Plaintiffs' reply confuses non-party Chicago Title Insurance Company with Defendant and refers to instances unrelated to the instant matters. Plaintiffs cannot argue for the existence of a disputed fact without offering some evidence to support the existence of dispute. The declaration asserts that the amended escrow instructions stated "not [to] remove any part of obligation to remove the liens, record documents for parcels and assure that the buyer gets what was purchased prior to releasing funds." ECF No. 28-1, ¶10. However, Plaintiffs fail to show where or how in the October 10 Escrow or Amended Escrow that Defendant is obligated to, or failed to, do that. Relying on conclusory allegations unsupported by evidence is not enough to

survive summary judgment. Therefore, the Court grants Defendant's Motion for Summary Judgment.

The Court also denies Plaintiffs' Motion to Amend. ECF No. 31. The Court issued a Scheduling Order on June 24, 2020 in this case. ECF No. 19. Pursuant to the Scheduling Order, this Court set August 11, 2020 as the deadline for amending pleadings and adding parties. ECF No. 19. Plaintiffs did not file the instant Motion until August 9, 2021, *almost one (1) year later*.

Once the Court issues a pretrial scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, before Plaintiffs can demonstrate any amendment to the pleadings is proper under Rule 15, they must first show good cause for amending the Scheduling Order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (stating that a "party seeking to amend [a] pleading after [the] date specified in [a] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15") (internal citations omitted).

The Court finds that Plaintiffs fails to establish good cause for their untimely request for amendment. The Court finds that Plaintiffs had more than sufficient time to have filed a motion to amend and have not established an appropriate basis for this Court to extend that time. The Court finds that Plaintiffs have diligently pursued this litigation. Based upon the record in this case, the Motion to Amend is therefore denied.

The Court declines to rule on Defendant's request that the Court award attorney's fees and costs to Defendant under NRS §18.010 at this time. Rather, the Court directs Defendant to file a separate motion for attorney's fees and costs pursuant to this order.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion Summary Judgment (ECF No. 22) is GRANTED. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend (ECF No. 31) is DENIED. The Clerk of Court is directed to close this case.

**IT IS FURTHER ORDERED** that Defendant must file its motion for attorney's fees and costs by October 1, 2021.

DATED: September 19, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**